**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49380**

| | | |
|---|---|---|
| In the Matter of John Doe I, a Child Under Eighteen (18) Years of Age. | ) ) ) | |
| STATE OF IDAHO, DEPARTMENT OF HEALTH & WELFARE, | ) ) ) | Filed: April 14, 2022 |
| Petitioner-Respondent, | ) ) | Melanie Gagnepain, Clerk |
| v. | ) ) | THIS IS AN UNPUBLISHED |
| JOHN DOE (2021-56), | ) ) | OPINION AND SHALL NOT BE CITED AS AUTHORITY |
| Respondent-Appellant. | ) ) ) | |

Appeal from the Magistrate Division of the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Anna M. Eckhart, Magistrate.

Judgment terminating parental rights, <u>affirmed</u>.

Anne C. Taylor, Kootenai County Public Defender; Patricia L. Taylor, Deputy Public Defender, Coeur d'Alene, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Denise L. Rosen, Deputy Attorney General, Coeur d'Alene, for respondent.

_____

LORELLO, Chief Judge

John Doe (2021-56) appeals from a judgment terminating his parental rights. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Doe is the father of the minor child in this action who was born in 2015. While traveling through Idaho with the child, Doe was arrested for possession of controlled substances. The police found drugs, a loaded handgun and brass knuckles in the car and declared the child in imminent danger. Temporary custody of the child was awarded to the Idaho Department of Health and Welfare. The magistrate court approved a case plan for Doe and the child's mother and conducted

1

several review hearings while the child was in the Department's custody. Ultimately, the Department filed a petition to terminate the parental rights of both parents. The magistrate court terminated Doe's parental rights after concluding that clear and convincing evidence showed that he neglected the child and that termination is in the child's best interests.[1] Doe appeals.

## II.

## STANDARD OF REVIEW

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *State v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *Roe v. Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the trial court's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

## III.

## ANALYSIS

Doe asserts the magistrate court erred in concluding that he neglected the child and that termination is in the child's best interests. The Department responds that substantial and competent evidence supports the conclusions of neglect and best interests. We affirm and hold that the magistrate's termination decision is supported by substantial and competent evidence.

### A.     Statutory Basis for Termination

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341,

---

[1]     The magistrate court also terminated the mother's parental rights. The decision to terminate the mother's parental rights is not at issue in this appeal.

343 (2002).  This interest is protected by the Fourteenth Amendment to the United States Constitution.  *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007).  Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved.  I.C. § 16-2001(2).  Idaho Code Section 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of the following five factors exist:  (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time.  Each statutory ground is an independent basis for termination.  *Doe*, 144 Idaho at 842, 172 P.3d at 1117.  Neglect may be established under any of the several statutory definitions of neglect.  *See* I.C. § 16-2002(3) (incorporating the definitions of the term "neglected" in I.C. § 16-1602(31)).

The magistrate court concluded that the Department established neglect based on Doe's failure to complete the case plan.[2]  This form of neglect exists where the parent has failed to comply with the court's orders or the case plan in a Child Protective Act case and the Department has had temporary or legal custody of the child for fifteen of the most recent twenty-two months and reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the Department.  I.C. § 16-2002(3)(b).  The magistrate court found that, at the time of the termination hearing, the child had been in the Department's custody for more than twenty-three months.  On appeal, Doe has not challenged this finding.  Instead, Doe asserts that he "substantially completed" the case plan, rendering the magistrate court's conclusion of neglect erroneous.  We limit our analysis accordingly.

We begin by noting that Doe provides no argument or legal authority that a "substantially completed" standard applies in determining neglect under I.C. § 16-2002(3)(b).  This Court generally does not address issues not supported by cogent argument and citation to legal authority, even in

---

[2]     Doe asserts that the magistrate court also concluded that Doe neglected the child through an inability to parent, which falls under the purview of I.C. § 16-2002(3)(a), and argues that this conclusion is erroneous.  Contrary to Doe's assertion, the magistrate court did not conclude that Doe neglected the child under I.C. § 16-2002(3)(a).  Consequently, we do not address Doe's argument regarding that definition of neglect.

a case terminating parental rights. *Idaho Dep't of Health & Welfare v. Doe (2018-24)*, 164 Idaho 143, 147, 426 P.3d 1243, 1247 (2018); *see also Idaho Dep't of Health & Welfare v. Doe (2015-01)*, 158 Idaho 764, 768, 351 P.3d 1222, 1226 (2015) (declining to consider parent's argument "that he 'substantially complied' with the case plan" because the parent failed to provide legal authority). Consequently, we apply the plain language of I.C. § 16-2002(3)(b), which requires a trial court to determine whether a parent "failed to comply" with the case plan.[3]

One of Doe's case plan tasks required him to "submit to random drug testing." The magistrate court found that Doe completed only two tests, with a third test that was incomplete due to the sample spilling in transit. On appeal, Doe has not challenged this finding and, thus, we will not presume error in the finding. *See Idaho Dep't of Health & Welfare v. Doe*, 164 Idaho 883, 892, 436 P.3d 1232, 1241 (2019). Instead, Doe asserts he "was not able to substantially comply with [this] requirement due to the COVID-19 restrictions" in his state of residence.[4] The magistrate court acknowledged testimony from Doe and a caseworker that COVID-19 restrictions prevented testing. However, the magistrate court also noted that this "was not true for the entire life of this case" and that there were periods when drug testing was available but Doe failed to test, leaving him without a "sufficient excuse for not testing on those dates." On appeal, Doe fails to contest this finding. Consequently, substantial and competent evidence supports the magistrate court's determination that Doe failed this case plan task.

A second case plan task required Doe to obtain a Global Appraisal of Individual Needs (GAIN) assessment and "follow all treatment recommendations to successful completion." Doe admits he "did not complete treatment," as the magistrate court found, but notes that he completed a GAIN assessment

---

[3]    In addition, we need not determine whether "substantially completed" is the correct standard because, even if correct, Doe has failed to show that the magistrate court erred under that standard.

[4]    We note that, although Doe cites to the record in his statement of the case in his appellate brief, there are no citations to the record in the argument section of Doe's brief. This does not comply with I.A.R. 35(a). Citations to the record are not required in the statement of the case, I.A.R. 35(a)(3), but are required in the argument section of the brief, I.A.R. 35(a)(6). Although many of the facts posited in Doe's argument section are similar to facts in his statement of the case, this is not true of all the facts asserted in the argument section. Thus, even if we considered the citations in Doe's statement of the case, some of his factual assertions in his argument section lack supporting citations to the record. This Court will not search the record on appeal for error. *Idaho Dep't of Health & Welfare v. Doe*, 150 Idaho 103, 113, 244 P.3d 247, 257 (Ct. App. 2010).

and "was engaged in a treatment program throughout the majority of his case." The magistrate court acknowledged that Doe completed a GAIN assessment and, at times, engaged in treatment, including at the time of the termination hearing. Nonetheless, the magistrate court concluded that Doe's efforts "present[ed] a too little, too late scenario" due to his failure to fully engage in treatment earlier in the case. Doe has not challenged the magistrate court's finding that he failed to fully engage in treatment. Our review is limited to whether substantial and competent evidence supports the magistrate court's decision. *See, e.g.*, *Doe*, 148 Idaho at 245, 220 P.3d at 1064. This Court will not reweigh the evidence. Consequently, Doe has failed to show error in the magistrate court's conclusion that he failed to complete this case plan task.

The magistrate court also found that Doe "committed more criminal offenses" while this case was pending, showing that Doe failed to complete a third case plan task. On appeal, Doe has not challenged this finding. Again, this Court generally does not address issues not supported by cogent argument and citation to legal authority. *Doe (2018-24)*, 164 Idaho at 147, 426 P.3d at 1247. Consequently, we will not presume error in the magistrate court's conclusion that Doe failed to complete a third case plan task.

Finally, Doe asserts that he "cooperated in the [Interstate Compact on the Placement of Children (ICPC)] process and provided all of the documentation that was asked of him," that the Department failed to "make reasonable efforts to have the ICPC be approved," and that he "could only participate in the majority of visitations by a video platform." Doe further asserts that the "visitation did not allow [Doe] and [the] child to develop a meaningful bond because the child was hyperactive and would often end visits early due to [the child] becoming distracted." The magistrate court, however, did not conclude that Doe failed to complete the case plan tasks associated with the ICPC process or visitation. Instead, the magistrate court concluded that Doe's failure to complete the other case plan tasks discussed above showed that Doe failed to complete the case plan. These failures, standing alone, show that Doe fell short of compliance with the case plan. *See Idaho Dep't of Health & Welfare v. Doe (2011-03)*, 151 Idaho 498, 502, 260 P.3d 1169, 1173 (2011) (affirming trial court's conclusion that parent neglected children under I.C. § 16-2002(3)(b) despite the parent's "efforts to maintain some contact with his children and despite some progress on [the parent's] case plan"). In addition, Doe admitted in closing argument to the magistrate court that "he didn't complete" the case plan but only "substantially work[ed]" on it.

Consequently, substantial and competent evidence supports the magistrate court's conclusion that Doe neglected the child by failing to complete the case plan.

**B.     Best Interests**

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *Tanner v. State, Dep't of Health & Welfare*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *Doe (2015-03) v. Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *Idaho Dep't of Health & Welfare v. Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A determination that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *Idaho Dep't of Health & Welfare v. Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

The magistrate court found that termination is in the child's best interests for several reasons. First, Doe's "inability to maintain a job and home" led to him placing the child with Doe's father-in-law in another state. The father-in-law was later arrested and the child was sheltered in the other state. From this, the magistrate court concluded that the child experienced instability while in Doe's care. Second, the magistrate court found that the child had "been subjected to [Doe's] substance abuse." After the child was placed into shelter care following the father-in-law's arrest, Doe picked up the child and began traveling back to his home state. The magistrate court found that Doe "admitted [that] . . . he and his wife used [methamphetamine] on their way back from" the other state while the child was in Doe's care. In addition, on the same trip, Doe was arrested for felony possession of methamphetamine and felony possession of marijuana with intent to deliver, leading to the child's placement in foster care. Third, the magistrate court found that the child "has been in a safe and stable home with a relative or a fictive relative for well over one year" and made "substantial strides in his emotional regulation." Finally, the magistrate court found that a parenting assessment indicated that Doe's "ability to successfully parent" the minor child was "going to take a lot of work and time" and that Doe did "not seem to

recognize how his parenting behaviors will impact the minor child in terms of physical safety and emotional security." Again, on appeal, Doe does not challenge any of the above factual findings and, thus, we will not presume error in these findings. *See Doe*, 164 Idaho at 892, 436 P.3d at 1241. These findings provide substantial and competent evidence for the magistrate court's conclusion that termination of Doe's parental rights is in the child's best interests.

Doe's sole argument regarding best interests is that "there was substantial evidence to support that [Doe] did cooperat[e] with the Department . . . in completing" the case plan. Doe, however, fails to note what evidence supports his assertion or provide any citations to the record. Conclusory allegations and assertions of fact, without citation to the record below, are not sufficient to support an argument on appeal. *In re Doe*, 166 Idaho 720, 727, 462 P.3d 1184, 1191 (Ct. App. 2020). Consequently, Doe has failed to show that the magistrate court erred in concluding that terminating Doe's parental rights is in the child's best interests.

# IV.

# CONCLUSION

The magistrate court's conclusions that Doe neglected the child and that termination is in the child's best interests are supported by substantial and competent evidence. Doe has failed to show error in the magistrate court's decision to terminate his parental rights. Accordingly, the judgment terminating Doe's parental rights is affirmed.

Judge GRATTON and Judge BRAILSFORD, **CONCUR**.